The Honorable Robert Thompson State Senator
414 West Court Paragould, Arkansas 72450-4293
Dear Senator Thompson:
You have asked for my opinion on several questions about A.C.A. § 6-17-1506, which is a component part of the Teacher Fair Dismissal Act (TFDA). You ask the following five questions:
 1. Arkansas Code Annotated § 6-17-1506(a)(2) states [that a teacher's annual contract automatically renews unless] "During the period of the contract or within ten (10) calendar days after the end of the school year, the teacher [resigns]." Does "end of the school year" mean June 30, which is the end of the fiscal school year; or does it mean the last day of the student/teacher interaction, which would vary from school district to school district?
 2. A 12-month teacher (such as a coach or a [vocational agriculture teacher under A.C.A. § 6-17-802]) has his or her contract starting on July 1 and going through June 30 of the next year. Under section 6-17-1506, would the 12-month teacher have the entire year in which to resign?
 3. Because a 12-month teacher is a teacher also, would "during the period of the contract" mean the 180 days teachers are contracted for (days outside the 10 professional days)?
 4. Teachers have 30 days to sign and return their contract once a school district gives it to them. What happens if they fail to sign and return *Page 2 
the contract? Specifically, is such a teacher still obligated to the school and the school to that teacher, or is he or she free to sign a contract with another school?
 5. Can a teacher resign . . . if he or she is within the 30 days of returning the contract, but outside the 10 days after the end of school [noted under 6-17-1506(a)(2)]?
RESPONSE
In my opinion, the answer to your first question is that the term "end of the school year" refers to the last day of student/teacher interaction. The answer to your second and third questions is that a teacher may resign during the period of their contract, with the resignation effective at the end of that contract period. Thus, if a teacher has a 12-month contract period, the teacher can resign anytime during that 12 months. I cannot respond to your fourth question for the reason explained below. Please see the body of the Opinion for my response to your fifth question, which is subject to two distinct interpretations.
DISCUSSION Question 1: ArkansasCode Annotated § 6-17-1506(a)(2) states [that a teacher's annualcontract automatically renews unless, among other things, theteacher resigns] "[d]uring the period of the contract or withinten (10) calendar days after the end of the school year. . . ." Does"end of the school year" mean June 30, which is the end of thefiscal school year; or does it mean the last day of thestudent/teacher interaction, which would vary from school districtto school district?
In Opinion No. 97-345, my predecessor addressed this question as it applies to the use of the term "end of the school year" in subsection 6-17-1506(c). He concluded that the term refers to the "last day of student attendance," which I take to be synonymous with your term "last day of student/teacher interaction." I agree with my predecessor's conclusion and the reasoning he provided for it. Further, I see no principled reason why the same phrase should mean anything different when used in subsection 6-17-1506(a)(2). Because all the arguments provided in Opinion No. 97-345 apply equally to your question, I will simply enclose that opinion.
Question 2: Teachers whose contract is for 12 months (e.g.,vocational-agriculture teachers under A.C.A. § 6-17-802) have theircontracts starting on *Page 3 July 1 and going through June 30 of the next year.Under section 6-17-1506, would such a teacher have the entire yearin which to resign?
Yes. Under A.C.A. § 6-17-1506(a)(2), teachers may resign "[d]uring the period of the contract or within ten (10) calendar days after the ends of the school year. . . ." If, as a factual matter, a teacher has a 12-month contract, then this provision enables that teacher to tender a resignation at any time within that same 12 months, with the resignation to be effective at the end of the 12-month contract period.
Question 3: Because a 12-month teacher is a teacher also,would "during the period of the contract" mean the 180 days teachersare contracted for (days outside the 10 professional days)?
I am not entirely sure what this question is asking. Nevertheless, I will assume that you are asking whether a person who has a 12-month contract but only teaches for 9 months during that period can resign only during the 9 months or during the larger 12-month window.
This question is substantially the same as your second question because the two questions share a critical hypothetical fact: namely, that the teacher has a contract period that lasts for 12 months. As noted in response to your second question, subsection 6-17-1506(a)(2) permits teachers to resign "during the period of the contract." Given that, under your hypothetical, the teacher has a 12-month contract, this subsection indicates that — as I noted in response to your second question — the teacher has 12 months within which to resign; not the shorter 9 months, or, as you say, "the 180 days teachers are contracted for."
Question 4: Teachers have 30 days to sign and return theircontract once a school district gives it to them. What happens ifthey fail to sign and return the contract? Specifically, is such ateacher still obligated to the school and the school tothat teacher, or is he or she free to sign a contract with anotherschool?
 Question 5: Can a teacher resign . . . if he or she is withinthe 30 days of returning the contract, but outside the 10 days afterthe end of school [noted under 6-17-1506(a)(2)?] *Page 4 
I am unable to respond to these questions because they involve issues that are currently being litigated in Benton County Circuit Court as McCrary v. Gentry School District, CV-2011-936-4. To avoid encroaching upon exclusively judicial prerogatives, it has long been the policy of this executive-branch office to avoid rendering opinions on matters that are the subject of litigation.E.g., Op. Att'y Gen. 2009-112 (and opinions cited therein). Any opinion issued from my office would constitute executive comment on matters that are properly decided by a judicial body.
With respect to Question 5, however, if your question is referring to a teacher with a 12-month contract, then the time-frames at issue in this question are irrelevant to when the teacher can resign. This is because, as noted in response to your second and third questions, teachers can resign "during the period of" their contract
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/RO:cyh Enclosure

 *Page 1